GREENUP KING, ET AL., *v.* MALARINA HOWLETT, ET AL.

**Wills—Demise to Wife and Her Children.**

> Where by a will a testator gives to his wife a life estate in property and the fee simple to her children, such a demise includes all children born and to be born.

APPEAL FROM HARDIN CIRCUIT COURT.

January 20, 1880.

OPINION BY JUDGE PRYOR:

At the death of Hiram Withers he left three children, one dying in infancy, and the other two surviving until they arrived at age. He left a will by which he devised his estate to his wife for life or widowhood and then to his children, with the request to the wife that if she could spare such child's portion as they arrived at age to let them have it. It was discretionary with his widow whether she would make a distribution during her life, as under the plain provisions of the will it belonged to her until her death. James Withers, one of the children, died and left a will by which he gave his estate to his mother during her life and then to his sister Hannah and her children.

His sister was then a widow with children, and has since married King, by whom she has had children. The devise was to the children of Mrs. King then born and to be born, and not restricted to those living at the date of the will or when publication was made. There is no ambiguity in the will in reference to this question, and there was no intention on the part of the devisor to exclude any of

his sister's children.  A life estate had been created in the devisor's mother, and the enjoyment of the estate postponed by the remainder-men until the mother's death.  There was no reason to exclude any of the children of Mrs. King, nor any such purpose manifested by the provisions of the will.  A devise by the testator to his wife and children includes all born and to be born.  Mrs. King and her children are now the owners of the entire land, and in making the division when the husband has made lasting and valuable improvements in the way of buildings out of his own pocket that part should be allotted to his wife and children by her, unless the improvements consist of mere repairs, etc.  The improvements, if permanent and lasting, should not be valued as against them.

Judgment *reversed* and cause remanded for further proceedings.

*Wilson & Hobson, for appellants.   R. L. Stith, for appellees.*